**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions, Inc., | |
|     Plaintiff, | No. CV-13-08166-PCT-PGR |
| vs. | ORDER |
| Donna Jean Chilleen, et al., | |
|     Defendants. | |

Pending before the Court is Plaintiff's Motion for Summary Judgment (Doc. 23), to which the defendants, who are represented by counsel, have failed to file any response in opposition. Having considered motion in light of the relevant record, the Court finds that there is no genuine dispute as to any material fact and that the plaintiff is entitled to the entry of judgment in its favor as a matter of law pursuant to Fed.R.Civ.P. 56.

Background

The complaint, filed on July 1, 2013, alleges that defendants Donna Jean Chilleen, individually and d/b/a Kid Chilleen's Bad Ass BBQ, and Kid Chilleen Promotions, Inc., d/b/a Kid Chilleen's Bad Ass BBQ showed the pay-per-view program *Ultimate Fighting Championship 148: Anderson Silva v. Chael Sonnen* ("the

Program"), on July 7, 2012, at the defendants' restaurant located in Black Canyon City, Arizona 85324, without having purchased a commercial license to do so from the plaintiff, which held the exclusive nationwide commercial distribution (closed-circuit) rights to the Program.  The complaint alleges three claims: violation of 47 U.S.C. § 605 (Count I), violation of 47 U.S.C. § 553 (Count II), and conversion (Count III).  The defendants, through counsel, filed their answer to the complaint on September 5, 2013; they also participated in the filing of the Joint Case Management Report on January 13, 2014, but their counsel thereafter failed to appear for the Scheduling Conference.  The plaintiff served its requests for admissions and interrogatories on the defendants on January 19, 2014, but the defendants never responded to them; one set of the admissions requests was directed to defendant Chilleen and one set was directed to defendant Kid Chilleen Promotions, Inc.  The plaintiff filed its summary judgment motion on September 29, 2014, but the defendants also failed to respond to it in any manner.

Discussion

Although the complaint alleges federal claims pursuant to 47 U.S.C. § 553 and § 605, the plaintiff is only seeking summary judgment damages under § 605.[1]  The complaint alleges in part in Count I, the § 605 claim, that the defendants "did unlawfully intercept, receive, publish, divulge, and/or exhibit the *Program* at the time of its transmission" at their commercial establishment, and that they did so "willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain." All of the relevant facts necessary to establish the defendants' liability under § 605 have been conclusively established as a result of their failure to respond

---

[1] The plaintiff also does not seek any damages for its conversion claim.

1  to the requests for admissions, including that they unlawfully intercepted the
2  Program without the plaintiff's authorization and that they did so willfully and for
3  financial gain. *See* Fed.R.Civ.P. 36(a)(3); Conlon v. United States, 474 F.3d 616,
4  621 (9th Cir.2007) ("Unanswered requests for admissions may be relied on as the
5  basis for granting summary judgment.") The plaintiff is therefore entitled to an award
6  of § 605 damages.

7  Section 605 provides for statutory damages per violation "of not less than
8  $1,000 or more than $10,000, as the court considers just." § 605(e)(3)(C)(i)(II).
9  Section 605 further permits an additional award of enhanced damages of up to
10 $100,000 if "the court in its discretion" determines that the defendant willfully violated
11 the statute "for purposes of direct or indirect commercial advantage or financial
12 gain." 47 U.S.C. § 605(e)(3)(C)(ii).  The plaintiff seeks an award of $7,800 in
13 statutory damages and $31,200 in enhanced statutory damages, for a total statutory
14 damages award of $ 39,000.

15 The plaintiff's investigator, Gary W. Turner, states the following facts in his
16 affidavit that are relevant to the issue of § 605 damages: that he spent twenty-three
17 minutes in the defendants' establishment on the evening of July 7, 2012, that there
18 were approximately forty-five people in the establishment, that the establishment had
19 the capacity to hold between 350-400 people, that the only televisions were located
20 in a separate bar area and there were three televisions in that area, one of which he
21 estimated to have a 48" screen and two smaller sets, that all of the televisions were
22 showing the UFC 148 telecast, that there were approximately twenty people in the
23 bar area, and that the establishment had a satellite dish on the roof.   While the
24 investigator says nothing about having to pay any cover charge or that the Program
25 was advertised in any manner in the establishment, the defendants, through their
26

1 failure to respond to the requests for admissions, have admitted that they had a
2 cover charge and that they advertised the showing of the Program. The plaintiff has
3 also submitted evidence that it would have cost the defendants $2,600 to purchase
4 a license to legally show the Program.

5 As the plaintiff correctly states, the Court has considerable discretion in
6 awarding § 605 damages. Based on the evidence presented, the Court concludes
7 that statutory damages pursuant to § 605(e)(3)(C)(i)(II) in the amount of $ 4,000 is
8 a just award.

9 The Court further concludes that the plaintiff is entitled to a discretionary
10 award of enhanced damages because the evidence establishes that the defendants
11 showed the Program for commercial advantage or for private financial gain. In light
12 of the defendants' deemed admissions, and in light of the supporting affidavit of Joe
13 Hand, Jr., the plaintiff's president, the Court accepts that the defendants must have
14 taken specific wrongful actions in order to intercept the plaintiff's encrypted program.
15 The plaintiff has also presented other evidence of the defendants' willfulness in that
16 the establishment advertised the fight, required patrons to pay a cover charge, and
17 had three televisions showing the Program. *See* Kingvision Pay-Per-View, Ltd. v.
18 Guzman, 2008 WL 1924988, at *3 (D.Ariz. April 30, 2008) ("Courts use a variety of
19 factors in determining whether a defendant's conduct is subject to enhanced
20 damages for willfulness under § 605, including prior infringements, substantial
21 unlawful monetary gains, significant actual damages to the plaintiff, the defendant's
22 advertising of the broadcast, and the defendant's charging a cover charge or
23 premiums for food and drinks during the broadcast.") In light of the evidence, the
24 Court will award $5,000 in enhanced damages pursuant to § 605(e)(3)(C)(ii).

25 The plaintiff also requests in its complaint and in its summary judgment motion
26

that it be awarded its reasonable attorney's fees and relevant costs pursuant to § 605.  The plaintiff is awarded its costs and fees because § 605(e)(3)(B)(iii) provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The plaintiff is directed to comply with LRCiv 54.1 and LRCiv 54.2 in applying for its costs and fees.  Therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Doc. 23) is granted pursuant to Fed.R.Civ.P. 56 to the extent that the plaintiff is awarded the sum of $ 9,000.00 from defendants Donna Jean Chilleen and Kid Chilleen Promotions, Inc. pursuant to 47 U.S.C. § 605. The Clerk of the Court shall enter judgment for the plaintiff accordingly.

IT IS FURTHER ORDERED that the plaintiff shall file its request for attorney's fees and costs in compliance with this Court's Local Rules.

DATED this 13th day of May, 2015.

Paul G. Rosenblatt
United States District Judge